# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**LISA DAVIS,**

    **Defendant.**

Case No. 1:19-cr-71-5

JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This matter is before the Court on what Defendant Lisa Davis characterizes as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 920), and what a Magistrate Judge said, after screening, should instead be treated as a motion under 28 U.S.C. § 2255, (*see* Order, *Davis v. Warden, Highland Cnty. Just. Ctr.*, No. 1:24-cv-128 (S.D. Ohio Apr. 12, 2024)). But vehicle questions aside, the relief Davis seeks is clear—she asks the Court to have her removed from state custody (where she is serving a state sentence in another case) and placed into federal custody (to begin serving her federal sentence in this case). The principal problem with that request is that the Court lacks the power to grant it. So the Court **DISMISSES** the Petition (or Motion) (Doc. 920) **WITH PREJUDICE**.

## BACKGROUND

Lisa Davis is one of more than two dozen defendants indicted over five years ago for their participation in a broad-ranging drug conspiracy. (Indictment, Doc. 1; Superseding Indictment, Doc. 255). She faced three counts: narcotics conspiracy (Count One), possession with intent to distribute methamphetamines (Count Five),

and operating a drug-involved premises (Count Twenty-One). (Doc. 255, #702–04, 710). Rather than take her chances with a jury, Davis accepted the government's offer to plead guilty to Count One. (Doc. 415). Based on that plea, the Court sentenced Davis to a prison term of 120 months followed by four years of supervised release. (Doc. 869, #4934–35).

Instead of immediately committing Davis to custody, the Court allowed her to remain on bond pending her designation to a federal facility. (Doc. 868, #4932). The Bureau of Prisons (BOP) ultimately assigned Davis a surrender date of May 15, 2023. (Doc. 876, #4958). But she moved to continue that surrender date to July 14, 2024, to allow her to obtain medical treatment for a mass on her leg, (*id.* at #4959), which request the Court granted, (5/12/23 Not. Order).

That's where Davis's path to federal custody took an unexpected turn. After the Court continued her surrender date, but before the new date arrived, Davis was arrested on a state felony charge for tampering with evidence. (*See* Information on Criminal Case Number CRA2300329 (last visited Oct. 17, 2024), https://perma.cc/E3J7-VMJA). She was arraigned on that charge on May 22, 2023. (5/22/23 Dkt. Entry, *Ohio v. Davis*, No. CRA2300329 (Hillsboro Mun. Ct. May 22, 2023), https://perma.cc/N28E-SPLW). Davis's federal pretrial supervision officer learned of the new charges the next day, and a day after that, this Court issued an arrest warrant to take Davis into custody to begin serving her federal sentence. (*See* Doc. 882).

That has yet to happen. Instead, at least so far as the Court can tell based on its review of the relevant state court dockets, Davis has remained in state custody ever since she was arrested in May 2023. She pleaded guilty to the charge underlying that arrest on July 7, 2023. (Plea of Guilty, *Ohio v. Davis*, No. 23CR0124 (Highland Cnty. Ct. Com. Pl. July 7, 2023)). And following that, the state court sentenced her to nine months' imprisonment to expire on February 16, 2024. (Judgment Entry of Confinement, *Davis*, No. 23CR0124). Then, ten days before Davis's release from that sentence, a state grand jury indicted her on another slate of felony charges, including an involuntary manslaughter charge. (Indictment, *Ohio v. Davis*, No. 24CR0019 (Highland Cnty. Ct. Com. Pl. Feb. 6, 2024)). The docket for that separate criminal case reflects that Davis was arrested on the new charges the day she finished her sentence for tampering with evidence. (Sheriff's Return of Service on Indictment, *Davis*, No. 24CR0019 (stating that Davis was arrested on February 16, 2024, the day her earlier sentence was set to expire)). She appeared before the state court to be arraigned on the new charges on February 23, 2024, and the court set her bond at $100,000. (Arraignment Entry, *Davis*, No. 24CR0019).

While still in pretrial detention in connection with those new charges, Davis filed the habeas petition currently before the Court.[1] As far as habeas petitions go,

---

[1] A word on the journey this petition has taken—across dockets and judges—is in order. Davis's petition started as any normal request for a writ of habeas corpus does: as a separate civil action docketed under its own case number. (*See* Petition for a Writ of Habeas Corpus, *Davis v. Warden, Highland Cnty. Just. Ctr.*, No. 1:24-cv-128 (S.D. Ohio Mar. 13, 2024), Doc. 1). And as is standard procedure in this District, it was assigned for initial review to a Magistrate Judge. Upon her initial review of Davis's petition, the Magistrate Judge ordered the federal government to show cause as to why Davis's petition should not be construed as a motion to vacate under 28 U.S.C. § 2255 in light of "the procedural history of [the] case, as

3

Davis's seems at first glance a peculiar one. Normally, habeas petitioners seek relief *from* detention. Davis, instead, seeks to be "taken *into* federal custody so [she] can start [serving her federal] time." (Doc. 920, #5135–36 (emphasis added)). At its core, though, the petition seeks relief from her *state* detention—the five-year term of incarceration the state court imposed after Davis's March 26, 2024, guilty plea on the new involuntary manslaughter charge, (*see* Doc. 924-4, #5167–73)—so that she may be taken into federal custody. So in that sense, hers is a fairly typical habeas petition. The direct consequence of the Court granting the petition (which it does not) would be to release Davis from state prison. True, she would then immediately be taken into federal custody. But that would only be a collateral effect of the relief, stemming from the long-outstanding federal arrest warrant mentioned above, (Doc. 882), which presumably has been filed as a detainer, and thus would take effect immediately upon her release.

One other thing worth note—a habeas petition is generally directed against a prisoner's state custodian. But that did not happen here. Rather, because the petition

---

well as the relief requested by [Davis]." (Order, *Davis*, No. 1:24-cv-128, Doc. 4). The government failed to respond to that order—twice. As a result, the Magistrate Judge ordered Davis's petition re-docketed as a motion under the original criminal case number. (Order, *Davis*, No. 1:24-cv-128, Doc. 7). That transmutation is how the petition-turned-motion ended up before this Court and in this docket. But despite the government's non-participation in those earlier proceedings, the Court is not persuaded by the Magistrate Judge's conclusion that Davis's petition is properly taken as a motion to vacate. That's for one simple reason: 28 U.S.C. § 2255 offers a procedural mechanism to "*federal* prisoners protesting the legality of their sentence." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (emphasis added). Davis doesn't fit that bill. First, she is currently a state—not federal—prisoner. And second, she isn't protesting the legality of either her state or federal sentence. Rather, she does not like the order in which they are to be carried out—i.e., she is "challenging the execution or manner in which [her] sentence[s] [are] served," which falls under the ambit of the habeas statute. *Id.* Because of that distinction, the Court treats Davis's filing as she originally presented it: as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.

was refiled (at the direction of the court in the habeas matter) as a § 2255 motion in this criminal action, (*see* supra note 1), Davis's state custodian has never had the opportunity to file a return of writ. Instead, the federal government responded to it, arguing that the petition should be denied. (Doc. 924). That response, though helpful, cannot stand in for a proper return of writ for the simple fact that the federal government, as a distinct sovereign, does not represent the state's interests in this case. But as it turns out, another principle also comes into play: "[n]o return is necessary when the petition is frivolous, or obviously lacking in merit." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). As described below, that rule obviates the need for a response from Davis's state custodian, meaning the petition is ripe for the Court's review.

## LEGAL STANDARD

Petitions for a writ of habeas corpus by a state prisoner are subject to an array of statutory requirements. *See* 28 U.S.C. § 2241 et seq.[2] Perhaps most relevant here, such petitions offer relief only to those who are detained "in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3). So to warrant habeas relief, a petitioner must demonstrate that her detention violates some federally guaranteed legal right. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). And that legal right must belong to the petitioner herself—an abstract violation of a legal rule that doesn't vest an individual liberty interest in the petitioner will not do. *See*

---

[2] Even though Davis filed her petition under 28 U.S.C. § 2241, it is still subject to the procedural requirements laid out in 28 U.S.C. § 2254 for petitioners in state custody following conviction by a state court. *Rittenberry v. Morgan*, 468 F.3d 331, 336–38 (6th Cir. 2006).

5

*United States v. Johnson*, 932 F.3d 965, 966–67 (6th Cir. 2019) (quoting *Moody v. Holman*, 887 F.3d 1281, 1292 (11th Cir. 2019), explaining that a petitioner must assert a violation of their own federal rights, not of those belonging to another entity like the United States)).

## LAW AND ANALYSIS

The Court cannot order Davis released from state custody—even in light of her federal sentence and outstanding federal arrest warrant—for one simple reason: it lacks any legal basis upon which to do so. Courts can only award the writ to petitioners in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Johnson*, 932 F.3d at 966–67. The fact that Davis is imprisoned by the State of Ohio following adjudication by its courts of criminal charges against her (the validity of which Davis does not challenge) presents no such violation.

Indeed, the only basis the Court can discern on which Davis could plausibly complain about her state detention is under the doctrine of "primary jurisdiction."[3] That doctrine provides that, "between state and federal sovereigns …, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration." *United States v. Collier*, 31 Fed. App'x 161, 162 (6th Cir. 2002) (citation omitted). Here, the United States arrested Davis on June 26, 2019—nearly four years before Ohio arrested Davis on the felony tampering charge,

---

[3] To be clear, Davis does not invoke primary jurisdiction in her filing. But, given that she is proceeding pro se, the Court construes her request liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985).

and even longer before the arrest on the charge for which she is now serving state time. (Doc. 97). Without question, then, the federal government had primary jurisdiction.

That the federal government originally had primary jurisdiction, though, does not end the inquiry. That is because to have primary jurisdiction is not necessarily to keep it—sovereigns can "relinquish" their primary jurisdiction in various ways. For example, some Circuits—but not the Sixth—recognize relinquishment when, as here, a court releases a defendant on bond. *Compare United States v. Croft*, 450 F.2d 1094, 1098–99 (6th Cir. 1971) (holding that release on bail "did not divest the federal court of [primary jurisdiction], since [the defendant] was still constructively in the custody of the law"), *with Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998) (holding that release on bond relinquishes primary jurisdiction). But even assuming the United States did not automatically relinquish its jurisdiction over Davis when the Court released her on bond after sentencing, it appears to have done so now by agreeing to such relinquishment in its response to Davis's petition-as-motion. (Doc. 924, #5153 ("By placing [Davis] on bond, the United States, in essence, 'relinquished' its jurisdiction over [her].")); *cf. Collier*, 31 Fed. App'x at 162–63 (finding that the United States had "clearly waived primary jurisdiction" where it repeatedly failed to "demonstrate its intention to assert" that jurisdiction through, among other things, its "position on the defendant's motion … in the present appeal").

But whatever the case may be as to relinquishment, an even more basic problem prevents Davis from relying on primary jurisdiction as the basis for the relief

7

she seeks here. "Determination of priority of custody and service of a sentence between state and federal sovereigns"—i.e., primary jurisdiction—"is a matter of comity to be resolved by the executive branches of the two sovereigns." *Collier*, 31 Fed. App'x at 162 (citation omitted). That's fatal for Davis's petition because "[she] has no right to enforce a rule of comity between sovereigns." *Johnson*, 932 F.3d at 967–68. Stated differently, any redress for wrongly interfering with primary jurisdiction belongs to the impacted sovereign itself, not to a habeas petitioner (or § 2255 movant) who claims to be aggrieved as a result of that breach. *See id.*; *see also Moody*, 887 F.3d at 1291 (explaining that a "prisoner does not have a cognizable federal right to require the first sovereign [with primary jurisdiction] to take back custody and have him complete its unexpired sentence"). That means that any wrong here was suffered by the United States, not by Davis. And since Davis "has been deprived of nothing to which [she] was entitled[,] … [she] may not vicariously assert [the United States'] rights." *Moody*, 887 F.3d at 1291 (citation omitted). Fitting that into the overarching habeas framework, Davis's state detention in no way violates "the Constitution or laws or treaties of the United States," so the Court has no power to grant her the writ, 28 U.S.C. § 2241(c)(3), nor provide relief under § 2255.

As the Court lacks power to entertain Davis's primary request, it turns to what appears to be an alternative request for a designation that her "time [serving her federal sentence] started the day the holder was put on [her]." (Doc. 920, #5140). Reading her filing generously (as is appropriate given its pro se nature), the Court construes that as a request to designate her state facility as her place of federal

8

detention, meaning she would receive credit for her time in state prison against her federal sentence. That request fails for the same reason as her primary request for a transfer of custody: the Court has no power to enter such an order. This Court imposed Davis's *first* sentence, meaning that it was up to the state courts to decide whether the later sentences they imposed would run consecutive to, or concurrently with, this Court's sentence. True, it appears the state court judgments never specified whether the two state sentences were to run concurrently with this Court's sentence. (*See* Docs. 924-2, 924-4). Indeed, they made no mention of this Court's sentence at all. But that does not matter. If the Court were to now credit Davis's time serving her state sentence against her federal sentence, it would be modifying another sovereign's judgment. *But see Ware v. Merlak*, No. 4:17-cv-1680, 2018 WL 3619389, at *3 (N.D. Ohio July 30, 2018) (citing *Croft*, 450 F.2d 1094) (crediting petitioner's time in state custody against his federal sentence when the state court judgment explicitly provided that its sentence was to run concurrently with the federal sentence). If she wants her state sentence to run concurrent to her federal time, the correct starting point for that request would be with the state court that imposed the sentence.

Accordingly, the Court **DENIES** Davis's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 920) **WITH PREJUDICE**. The Court also **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thereby **DENYING** Davis leave to appeal in forma pauperis. Finally, it **DENIES** Davis a certificate of appealability under 28 U.S.C.

9

§ 2253(c) because no reasonable jurist would debate the conclusion that the Court lacks power to grant Davis the relief she seeks.

  **SO ORDERED.**

| | |
|---|---|
| October 23, 2024 | |
|  **DATE** | **DOUGLAS R. COLE**<br>**UNITED STATES DISTRICT JUDGE** |